Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

South Bend Division

<div style="border:1px solid red;">

# FILED

**10/27/2023**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

</div>

Case No.    1:23-cv-1939-JMS-KMB

*(to be filled in by the Clerk's Office)*

|  |  |
|---|---|
| Patrick S. Flood | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **–v–** | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| William Hyatte et.al. (See attached) | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* |  |
| *write "see attached" in the space and attach an additional page* |  |
| *with the full list of names. Do not include addresses here.)* |  |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Defendant(s)- Continued.

William Hyatte

Joshua Snow

Lorna Harbaugh

Montrel McGee

Steven Price

Kristin Woods

David Byrum

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Patrick S. Flood | | |
| All other names by which | | | |
| you have been known: | Patrick Flood | | |
| ID Number | IDOC# 279576 | | |
| Current Institution | New Castle Correctional Facility | | |
| Address | 1000 Van Nuys Rd., P.O. Box A | | |
| | New Castle | IN | 47362 |
| | *City* | *State* | *Zip Code* |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | William Hyatte | | |
| Job or Title *(if known)* | Warden | | |
| Shield Number | Not applicable, N/A | | |
| Employer | Miami Correctional Facility | | |
| Address | 3038 W 850 S | | |
| | Bunker Hill | IN | 46914 |
| | *City* | *State* | *Zip Code* |

☒ Individual capacity   ☒ Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | Joshua Snow | | |
| Job or Title *(if known)* | Internal Affairs Officer | | |
| Shield Number | Not Known | | |
| Employer | Miami Correctional Facility | | |
| Address | 3038 W 850 S | | |
| | Bunker Hill | IN | 46914 |
| | *City* | *State* | *Zip Code* |

☒ Individual capacity   ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Lorna Harbaugh |
| Job or Title *(if known)* | Internal Affairs Officer |
| Shield Number | Not Known |
| Employer | Miami Correctional Facility |
| Address | 3038 W 850 S |

| Bunker Hill | IN | 46914 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☒ Individual capacity    ☒ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Montrel McGee |
| Job or Title *(if known)* | Internal Affairs/STG Officer |
| Shield Number | Not Known |
| Employer | Miami Correctional Facility |
| Address | 3038 W 850 S |

| Bunker Hill | IN | 46914 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☒ Individual capacity    ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

 United States Constitution Eight Amendment

**The Defendant(s)-Continued**

Defendant No. 5

| | |
|---|---|
| Name | Steven Price |
| Job or Title *(if known)* | Case Manager (at the time of incident) |
| Shield Number | N/A |
| Employer | Miami Correctional Facility                3038 |
| Address | W 850 S |
| | Bunker Hill                    IN              46914 |
| | *City*                   *State*           *Zip Code* |

☒ Individual capacity    ☒ Official capacity

Defendant No. 6

| | |
|---|---|
| Name | Kristin Woods |
| Job or Title *(if known)* | Case Manager (At the time of incident) |
| Shield Number | N/A |
| Employer | Miami Correctional Facility |
| Address | 3038 W 850 S |
| | Bunker Hill              IN          46914 |
| | *City*               *State*       *Zip Code* |

☒ Individual capacity    ☒ Official capacity

Defendant No. 7

| | |
|---|---|
| | David Byrum |
| Name | Case Manager (At the time of incident) |
| Job or Title *(if known)* | N/A |
| Shield Number | Miami Correctional Facility |
| Employer | 3038 W 850 S |
| Address | Bunker Hill              IN          46914 |
| | *City*               *State*       *Zip Code* |

☒ Individual capacity    ☒ Official capacity

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Not Applicable, N/A

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

Defendants actions were liable under the Constitution of Indiana, Article One, Sections 15, 16, and 18 and Indiana Code 11-11-6-1 and Indiana Code 11-11-6-2, Correctional Standards and Procedures, Safe and Healthful Environment.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Not Applicable, N/A

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

    Miami Correctional Facility- March 3,2022- L-Unit

C.    What date and approximate time did the events giving rise to your claim(s) occur?

    March 3, 2022, 4:15 a.m.

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

    Prior to March 3rd, 2022, Plaintiff and his wife Alma Flood informed the defendants, named in this complaint by email and letters that he was being extorted by certain inmates who Plaintiff named as inmates that were distributing narcotics and cellphones at the Miami Correctional Facility and resided in "L-Unit". Plaintiff alerted the defendants that he feared for his safety due to providing the list of names to Internal Affairs. On March 2nd, 2022, Plaintiff was informed by Sargeant Griffin In Administrative Housing Unit ("AHU") that he was moving to L Unit even though Plaintiff had been sanctioned for a year and a half of disciplinary segregation.
Plaintiff was being released from "AHU" nine (9) months early without any notice or explanation. After being informed that he was scheduled to move to L Unit, Plaintiff informed Sgt. Griffin who was in charge of "AHU" that there was offenders in L unit that were a danger to his safety and health due to Plaintiff and his wife providing the list of offender names and information to Lorna Harbaugh, Joshua Snow, Montrel McGee, and William Hyatte. Sgt. Griffin explained to Plaintiff that he would either move or be forced to move to L Unit "the hard way".

    On March 3rd, 2022, at 4:15 a.m., Plaintiff was brutally beaten by multiple offenders in L-Unit during an early morning movement to the dining hall for breakfast and left for dead on the floor for over three (3) hours as L-Unit correctional officers John Doe one and John Doe Two failed to conduct their thirty minute pipe checks. Due to the brutal assault, Plaintiff was airlifted by helicopter to Lutheran Hospital located in Fort Wayne, IN with life threatening injuries.

    Defendant's Hyatte, Snow, Harbaugh, McGee, Price, Woods, and Byrum exercised deliberate indifference to Plaintiff's health and safety by failing to protect him even after being informed of a threat to Plaintiff's life by emails and letters. Defendant's John Doe One and John Doe Two exercised deliberate indifference to Plaintiff's health and safety by failing to protect Plaintiff from an attack and assault by offenders in L-Unit and intentionally not conducting their required security checks for three (3) hours after Plaintiff was brutally beaten and assaulted in L-Unit.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff suffered serious harm at the hands of multiple offenders and sustained multiple physical injuries including: traumati brain injury, facial fractures, aphasia, neuromuscular damage, migraines, auditory processing disorder, auditory damage, and right eye blindness as well as anxiety and post-traumatic stress disorder (PTSD).

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Issue a declaratory judgement stating that: The defendants exercised deliberate indifference and reckless disregard to Plaintiffs health and safety by having knowledge of an excessive risk to his safety and yet placed him in harm's way, resulting in Plaintiff being brutally assaulted. Therefore, violating his Eight Amendment tight to be free from cruel and unusual punishment. Award compensatory damages in the amount of $120,000 jointly and severally against the defendants for physical and emotional injuries sustained as a result of Plaintiff's assault. Award punitive damages in the amount of $20,000 each against the defendants. Grant such other releif as it may appear that Plaintiff is entitled.

## VII.     Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Miami Correctinal Facility, 3038 W 850 S Bunker Hill, IN 46914

B.     Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.     Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☒ Do not know

If yes, which claim(s)?

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

E.    If you did file a grievance:

1.    Where did you file the grievance?

New Castle Correctional Facility, 1000 Van Nuys Rd, New Castle, IN 47362

Miami Correctional Facility, 3038 W 850 S Bunker Hill, IN 46914

2.    What did you claim in your grievance?

That the defendants actions in intentionally placing Plaintiff in harms was deliberate disregard to his health and safety and that their failure to protect him violated Plaintiffs Eighth Amendment rights and state law to be free from cruel and unusual punishment. The defendant's were deliberately indifferent to having knowledge of a threat to Plaintiff.

3.    What was the result, if any?

While housed in restrictive housing at MCF, Plaintiff's grievance was returned on May 25, 2022 for being incomplete (see attached documents). Plaintiff resubmitted the corrected grievance within five (5) working days to the grievance specialist, but was never logged or a receipt returned to him before being transferred to NCCF in August, 2022. In accordance with IDOC policy 00-02-301 Offender Grievance Process Sections XIV(a) and XV(a) Plaintiff resubmitted his grievance to Miami Correctional Facility and New Castle Correctional Facility grievance specialists on August 8, 2023 by certified mail(see enclosed documents). Neither grievance was logged with a response.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)* In accordance with IDOC policy 00-02-301 Offender Grievance Process, Sections XI ( c) and XII, Plaintiff submitted his grievance appeal to Miami Correctional Facility and New Castle Correctional Facility specialists on the twenty-first (21st) business day after his initial formal grievance was submitted on August 8th, 2023 by certified mail (see enclosed documents). All attempts to exhaust Plaintiff's administrative remedies has been completed.

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

N/A

    2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Plaintiff filed a state "Notice of Tort" with the Indiana Department of Corrections on November 21, 2022. The Tort Claim Notice was denied on June 24th, 2023 (see attached documents). This court has supplemental jurisdiction over state law tort claims under 28 U.S.C. § 1367

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    N/A

Defendant(s)    N/A

2.    Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.    Docket or index number

N/A

4.    Name of Judge assigned to your case

N/A

5.    Approximate date of filing lawsuit

N/A

6.    Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition.    N/A

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)    Richard Flood, Patrick Flood, Roberto Cantu, Edward Walker

Defendant(s)    Roy Dominguez, Karen Jones, Benny Freeman

2.   Court *(if federal court, name the district; if state court, name the county and State)*

United States District Court, Northern District of Indiana, Hammond Division

3.   Docket or index number

2:08-CV-153-PPS-PRC

4.   Name of Judge assigned to your case

Chief Judge Phillip P. Simon

5.   Approximate date of filing lawsuit

February, 2008

6.   Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition     August 14th, 2012

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Class action settlement

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**IX.**　　**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.**　　**For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:　　_October 12, 2023_

Signature of Plaintiff　　

Printed Name of Plaintiff　　Patrick S. Flood

Prison Identification #　　IDOC# 279576

Prison Address　　1000 Van Nuys Rd

| New Castle | IN | 47362 |
|---|---|---|
| *City* | *State* | *Zip Code* |

**B.**　　**For Attorneys**

Date of signing:　　_____

Signature of Attorney　　_____

Printed Name of Attorney　　_____

Bar Number　　_____

Name of Law Firm　　_____

Address　　_____

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

Telephone Number　　_____

E-mail Address　　_____

I was attacked as a result of the Neglect of Duty imposed by the following parties: Lorna Harbaugh, Head of Internal Affairs, Joshua Snow, William Hyatte, Montrel McGee, Counselor Price, and Counselor Kristin Woods.

Prior to my attack on 3/3/2022, I was in "AHU" due to disciplinary sanctions. I was sanctioned to be in AHU from 11/12/2021- 11/07/2022 per "Report of Classification Hearing" dated 11/15/2021. I was released from AHU 7 months early without prior notice or explanation on 3/2/2022 and moved to "L" housing unit cell 215-216.

I instructed my wife to provide Internal Affairs with detailed information regarding inmate distribution of narcotics and cell phones within the facility on 10/29/2022 with names of inmates involved that were residing in "L" unit, yet I was released from AHU to the same unit as the inmates I complained about. Some of the inmates on the list given to IA were waiting for me to come out of AHU and as soon as I did, they attacked me and left me for dead.

I was found 3 hours after the assault due to neglect of duty on behalf of correctional officers. They neglected to do their 30 minute "pipe checks". Per DOC policy, a pipe check should be conducted every 30 minutes for the safety and security of inmates and the facility. If I had been found sooner, I would not have the irreversible damage that I currently suffer from. Correctional officers neglected to do 30 minute pipe checks and in their absence they were unable to prevent the assault. Furthermore, Correctional officers or sargeants failed to see the activity ensuing in and outside of my cell.

There should be at least 3 staff members in a unit monitoring at all times with at least 1 correctional officer in the "bubble" and a sargeant and correctional officer on the floor to adequately monitor and supervise inmates.

The fact that I was released to "L" unit on 3/2/2022 after my family and I informed Internal Affairs about the fatal danger I would face after providing IA with the information regarding drug distribution and cell phones proves that the Internal Affairs investigators were negligent in accordance with Policy and Administrative Procedure # 00-01-103. The fact that I was brutally attacked and left for dead in a Glascow level 7 coma and not found until 3 hours later proves Miami Corrections officers were negligent in not conducting 30 minute pipe checks and not finding me and providing medical care until 3 hours later, in accordance with Policy and Administrative Procedure # 04-03-103

I ask that you review and approve this claim and see all parties liable to this personal injury claim.